_____ FILED _____ LODGED
_____ RECEIVED

Dec 12, 2025

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY _____ DEPUTY

Magistrate Judge Grady J. Leupold

## UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>JOSE MESINO-GARCIA<br><br>Defendant. | CASE NO.   MJ25-5452<br><br>COMPLAINT for VIOLATIONS<br><br>Title 8, U.S.C., § 1326(a) |

BEFORE Grady J. Leupold, United States Magistrate Judge, U. S. Courthouse, Tacoma, Washington.

The undersigned complainant being duly sworn states:

### COUNT ONE

**Reentry of Removed Alien**

On or about December 3, 2025, at Pierce County, within the Western District of Washington, JOSE MESINO-GARCIA, an alien, a native and citizen of Mexico, was found in the United States after having been removed therefrom, and after knowingly and voluntarily reentering the United States without having obtained the express consent of

Complaint - 1
*United States v. Mesino-Garcia*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

the Attorney General and the Secretary of the Department of Homeland Security to reapply for admission to the United States.

All in violation of Title 8, United States Code, § 1326(a).

And the complainant states that this Complaint is based on the following information:

I, Immigration and Customs Enforcement Deportation Officer Robert Chin, being first duly sworn on oath, depose and say:

## **INTRODUCTION**

1.      I am a Deportation Officer (DO) with U.S. Immigration and Customs Enforcement (ICE), Enforcement and Removal Operations (ERO), Department of Homeland Security (DHS), and have been so employed since August 2020. Prior to this, I was an Immigration Services Officer with U.S. Citizenship and Immigration Services (USCIS) from November 2017 to August 2020.

2.      I graduated from the Basic Immigration Enforcement Training Program with ICE ERO at the Federal Law Enforcement Training Center (FLETC) in Glynco, Georgia in March 2021. I also graduated from the Immigration Services Officer Basic Training Program with USCIS at FLETC in Charleston, South Carolina in June 2018. I have received training in enforcing Titles 8 and 18 of the United States Code, as well as the Immigration and Nationality Act (INA) of the United States. I am trained in locating, apprehending, processing, and removing any removable non-United States citizens.

3.      Based on my training and experience, I know the following:

a.      Every person has a unique set of fingerprints. Unique identification numbers—including, but not limited to, Fingerprint Identification Number System ("FINS") numbers and Federal Bureau of Investigation ("FBI") numbers—can be assigned to a person's fingerprints, thereby distinguishing that person's fingerprints in law enforcement databases from another person's fingerprints. In many cases, DHS and

Complaint - 2
*United States v. Mesino-Garcia*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

other government agencies utilize FINS and FBI numbers to associate unique fingerprint records and information with a specific individual.

b.    Moreover, when a person is fingerprinted by DHS agencies, such as ICE, those unique fingerprint identifiers are associated with an individual's unique Alien Registration Number ("A-number") and Alien File ("A-file"). An A-file typically contains official documentation regarding a person's deportation or removal history as well as evidence of their alienage. That A-file is maintained in DHS custody, and documents and information from that A-file are uploaded to official DHS databases that can be accessed to determine, among other things, whether a person has been removed or deported from the United States, whether that person is a foreign national, and whether that person has been lawfully admitted into the United States, pursuant to, for example, a nonimmigrant visa.

4.    Generally, after an arrest for a criminal offense, a person's biometric fingerprint information is obtained by the arresting law enforcement agency and enrolled into a nationwide repository for criminal history records as part of a normal booking process. That information is then associated with a unique identification number for the person's fingerprints, typically the FBI number, which is searchable within various law enforcement indices and comparable with other government records, including those belonging to DHS and those associated with an A-file and A-number. A match between fingerprint identifiers can therefore be used to confirm the identity of a person associated with specific records, including immigration records indicating whether that person is amenable to immigration enforcement action.

5.    The facts set forth in this Complaint are based on my own personal knowledge; knowledge obtained from other individuals during my participation in this investigation, including other law enforcement personnel; review of documents and records related to this investigation; communications with others who have personal knowledge of the events and circumstances described herein; and information gained

Complaint - 3
*United States v. Mesino-Garcia*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

through my training and experience. This Affidavit is intended to merely show there is sufficient probable cause for the above charge and does not set forth all my knowledge about this matter.

6.    As further detailed below, based on my investigation and the investigation of other law enforcement officers, I submit there is probable cause to believe that Defendant, who was previously removed from the United States, was found in the United States after knowingly and voluntarily reentering the United States without prior authorization to do so.

## SUMMARY OF PROBABLE CAUSE

7.    On or about December 3, 2025, the ICE Law Enforcement Support Center ("LESC")—an ICE center responsible for processing biometric and biographic immigration alien queries originating from federal, state, and local law enforcement agencies—received an electronic notification based on biometric fingerprint information that MESINO-GARCIA was arrested by the Lakewood Police Department in Lakewood, Washington, within the Western District of Washington, for Revised Code of Washington (RCW) 9A.36.041(2) – Assault in the Fourth Degree and RCW 9A.46.020(2)(b) – Harassment. MESINO-GARCIA was booked into the Pierce County Jail.

8.    On December 8, 2025, I reviewed MESINO-GARCIA's immigration record and other records associated with his unique fingerprint identifier. Based on my review, I learned the following about MESINO-GARCIA's immigration history:

a.    MESINO-GARCIA is a native and citizen of Mexico.

b.    On or about April 9, 2018, MESINO-GARCIA applied for admission at the Otay Mesa Port of Entry in California. United States Customs and Border Protection detained MESINO-GARCIA and physically removed him to Mexico that same day.

Complaint - 4
*United States v. Mesino-Garcia*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

c.     On or about April 19, 2018, United States Border Patrol detained MESINO-GARCIA in the United States at or near Otay Mesa, California for illegally reentering the United States without prior authorization. Border Patrol removed him to Mexico that same day.

9.     MESINO-GARCIA's A-file and other DHS indices contain no record reflecting any application, nor permission from the Secretary of Homeland Security nor the United States Attorney General, to reenter the United States following his removal on April 19, 2018. Based on my training and experience, I know that a record reflecting such application or permission would ordinarily be found in the A-file and/or DHS indices.

10.    Based on the foregoing, I have probable cause to believe that MESINO-GARCIA was found in the United States, after knowingly and voluntarily reentering the United States without the express consent of the Attorney General or the Secretary of the Department of Homeland Security, in violation of Title 8, United States Code, § 1326(a).

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

Complaint - 5
*United States v. Mesino-Garcia*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

# CONCLUSION

11.    Based on the above facts, I respectfully submit that there is probable cause to believe that the defendant committed the aforementioned offense.

_____
Robert Chin, Complainant
Deportation Officer
U.S. Immigration & Customs
Enforcement

The above-named agent provided a sworn statement attesting to the truth of the foregoing Complaint and Affidavit. Based on the Complaint and Affidavit, the Court hereby finds there is probable cause to believe the Defendant committed the offense set forth in the Complaint.

DATED this 12th day of December 2025

_____
Grady J. Leupold
United States Magistrate Judge

Complaint - 6
_United States v. Mesino-Garcia_

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970